# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WILLIAM F. WHITE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CIV-08-476-SPS ) |
| MICHAEL J. ASTRUE, Commissioner of the Social Security Administration, | ) ) ) ) |
| Defendant. | ) ) |

## OPINION AND ORDER

The claimant William White requests judicial review of a denial of benefits by the Commissioner of the Social Security Administration pursuant to 42 U.S.C. § 405(g). He appeals the Commissioner's decision and asserts the Administrative Law Judge ("ALJ") erred in determining he was not disabled. As discussed below, the Commissioner's decision is REVERSED AND REMANDED.

## Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" *Id*. § 423 (d)(2)(A). Social security regulations

implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). *See also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The Court may not reweigh the evidence or substitute its discretion for the Commissioner's. *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). But the Court must review the record as a whole, and "[t]he substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

---

[1] Step one requires the claimant to establish that she is not engaged in substantial gainful activity. Step two requires the claimant to establish that she has a medically severe impairment (or combination of impairments) that significantly limits her ability to do basic work activities. If the claimant *is* engaged in substantial gainful activity, or her impairment *is not* medically severe, disability benefits are denied. If she *does* have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. If the claimant has a listed (or "medically equivalent") impairment, she is regarded as disabled and awarded benefits without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that she lacks the residual functional capacity (RFC) to return to her past relevant work. At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant *can* perform, given her age, education, work experience and RFC. Disability benefits are denied if the claimant can return to any of her past relevant work or if her RFC does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

**Claimant's Background**

The claimant was born on January 8, 1959, and was forty-nine years old at the time of the most recent administrative hearing. He has a twelfth grade education and vocational training in electronics (Tr. 490). The claimant served in the United States Marine Corp from 1978 to 1982 and received an honorable discharge (Tr. 490). He previously worked as a plastics press molder on an assembly line, a hand packer, a janitor, and a material handler (Tr. 848). The claimant alleges that he has been unable to work since October 2, 1997 because of chronic back pain, post-traumatic headaches, Dupuytren's contracture of the hands and feet, and depression (Tr. 478, 484).

**Procedural History**

The procedural history related to this particular claimant is lengthy. The claimant first applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, and for supplemental security income payments under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85, on December 10, 1997. ALJ Michael A. Kirkpatrick conducted an administrative hearing and found that the claimant was not disabled. The claimant appealed, and this Court reversed the Commissioner's decision on November 19, 2001 in Case No. CIV-00-645-FHS-KEW. On remand, the ALJ conducted another administrative hearing and once again found that the claimant was not disabled on July 30, 2002. The claimant did not appeal this decision.

The claimant filed new applications for benefits on March 11, 2003. The new applications were denied, and the ALJ conducted another administrative hearing, after which he found that the claimant was not disabled for the third time on June 25, 2004.

This time the claimant did appeal, and this Court reversed the Commissioner's decision on September 20, 2007 in Case No. CIV-05-219-FHS-SPS. On remand, the ALJ held his fourth administrative hearing regarding the claimant and again found that he was not disabled in a written opinion dated July 14, 2008. The Appeals Council denied review, so this latest opinion by the ALJ is the Commissioner's final decision for purposes of this appeal. *See* 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step four of the sequential evaluation. He found that the claimant had the residual functional capacity ("RFC") to perform light work, *i. e.*, he could lift/carry 10 pounds frequently and 20 pounds occasionally, and climb, balance, stoop, crouch, kneel and crawl occasionally (Tr. 776). Although the ALJ had previously found that the claimant's Dupuytren's contracture was a severe impairment, *i. e.*, in the written opinion dated June 24, 2005, the ALJ here found no work-related functional limitations in the claimant's use of his hands and fingers (Tr. 776). The ALJ concluded that the claimant was not disabled because he could return to his past relevant work as plastic press molder (Tr. 781).

## Review

The claimant raises a single contention of error on appeal, *i. e.*, the ALJ failed to properly consider his hand impairment due to Dupuytren's contracture in determining his RFC. Because the ALJ *did fail* to properly consider the claimant's hand impairment, the decision of the Commissioner must be reversed and the case remanded to the ALJ for further proceedings.

As noted above, the ALJ found in his June 24, 2005 opinion that the claimant's severe impairments included Dupuytren's contracture. But the ALJ did not impose any functional limitations in the claimant's RFC because of some contrary findings he made in connection with the claimant's first application for benefits and an opinion from a state agency physician that the claimant had no limitations in the use of his hands and fingers for gross and fine manipulation. This Court reversed the decision of the Commissioner because the ALJ failed to discuss medical evidence that was flatly inconsistent with his refusal to include hand limitations in the claimant's RFC, *e. g.*, an opinion from treating physician Dr. Steven D. Rowlan, M.D. that the claimant was limited, *inter alia*, in his ability to push, pull and grasp. The Court directed the ALJ to further consider the claimant's severe hand impairment due to Dupuytren's contracture on remand, including whether any hand limitations should be included in the claimant's RFC.

There is ample evidence in this case that the claimant suffers from Dupuytren's contracture of his hands (Tr. 130, 308, 318, 319, 320, 363, 595, 656, 829). As discussed above, Dr. Rowlan noted the contractures as early as 2002 and indicated they made grasping difficult. He opined that the claimant "does have significant limitations as far as pushing, pulling, climbing, lifting, and grasping of objects" (Tr. 308). Further, state agency physician Dr. Gordon B. Strom observed that the claimant had Dupuytren's contractures in both hands on February 26, 2008 and opined that they affected his ability to extend fingers (Tr. 832). Dr. Strom also noted that it was difficult for claimant to grasp tools "due to pain" (Tr. 832).

Despite this evidence and the explicit instructions of the Court in Case No. CIV-05-219-FHS-SPS, the ALJ opted on remand to delete Dupuytren's contractures from the claimant's list of severe impairments at step two. He provided no explanation whatever for doing this; he did not, for example, indicate that he had previously erred in analyzing the evidence, or cite any new evidence contradicting his previous findings.

That the claimant's Dupuytren's contractures might not be a severe impairment *in and of themselves* is largely immaterial; the ALJ must account for any limitations arising from the claimant's Dupuytren's contractures because he assessed the claimant with other severe limitations. *See, e. g., Carpenter v. Astrue*, 537 F.3d 1264, 1266 (10th Cir. 2008) ("[A]t step two, the ALJ must consider the combined effect of all of [the claimant's] impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity."). But the ALJ is not free to disregard with impunity the explicit instructions of this Court; at a minimum, the ALJ should have explained why the claimant's Dupuytren's contractures were a severe impairment at the time of his previous decision but not after the Court remanded the case. Absent such an explanation, the ALJ should simply have conducted the analysis directed by the Court, *i. e.*, he should have discussed the medical evidence of record inconsistent with his refusal to account for one of the claimant's *severe* impairments by including limitations in RFC and explained why he found it unpersuasive.

Consequently, the decision of the Commissioner must be reversed and the case once again remanded to the ALJ for further analysis. On remand, the ALJ should follow the instructions of the Court in Case No. CIV-05-219-FHS-SPS or explain why it would now be inappropriate to do so, *e. g.*, by providing a rationale for no longer treating the claimant's Dupuytren's contractures as a severe impairment. In either event, the ALJ should reconsider whether the claimant's Dupuytren's contractures necessitate inclusion of hand limitations in his RFC, and if so, whether the claimant is thereby disabled.

## Conclusion

In summary, the Court finds that correct legal standards were not applied and the decision of the Commissioner is therefore not supported by substantial evidence. The Commissioner's decision is accordingly REVERSED and the case hereby REMANDED to the ALJ for further proceedings consistent herewith.

**DATED** this 31st day of March, 2010.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**